**MICHAEL C. BAXTER**
Oregon State Bar ID Number 910203
michael@baxterlaw.com
**JUSTIN M. BAXTER**
Oregon State Bar ID Number 992178
justin@baxterlaw.com
Baxter & Baxter LLP
8835 S.W. Canyon Lane, Suite 130
Portland, Oregon 97225
Telephone (503) 297-9031
Facsimile (503) 291-9172
Attorneys for Plaintiff Thomasian

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **CARLOPI THOMASIAN**, | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **WELLS FARGO BANK N.A.** a foreign legal entity, **TRANS UNION LLC**, a foreign company, **EXPERIAN INFORMATION SOLUTIONS, INC**., a foreign corporation, **EQUIFAX INFORMATION SERVICES, LLC,** a foreign corporation. | Fair Credit Reporting Act (15 U.S.C. §1681et.seq.).  Demand for Jury Trial |
| Defendants. | |

Plaintiff alleges that at all times material:

///

Page  1 – COMPLAINT

1.

Plaintiff Carlopi Thomasian ("plaintiff") is a natural person residing in the State of Oregon.

2.

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") is a national banking association engaged in the business of extending consumers credit in the State of Oregon.  Defendants Trans Union LLC ("Trans Union"), Equifax Information Services, LLC ("Equifax") and Experian Information Solutions, Inc. ("Experian") are national consumer reporting agencies that provide credit reports to and about individuals in the State of Oregon.

3.

Based upon information received from the three national consumer reporting agencies, on or about 1999, plaintiff Carlopi Thomasian's husband, Thomas Thomasian, opened a credit card account with Wells Fargo.  Plaintiff was unaware of the account, did not request it, activate it, sign it, access it, make purchases on it, or in any way use the credit card.  All payments on the card were made by Thomas Thomasian.

4.

In 2011, Thomas Thomasian filed a Chapter 7 bankruptcy and discharged any outstanding debt on the card.  Immediately thereafter, defendant Wells Fargo began sending demand letters for plaintiff Carlopi Thomasian to pay the $12,546 outstanding balance on the card.

5.

Wells Fargo also began to report the delinquent card as belonging to plaintiff on plaintiff's credit report to the three national consumer reporting agencies.  Wells Fargo began

reporting that the Wells Fargo account number xxxxxxxxxxxx0110 delinquencies belonged to plaintiff.

6.

Plaintiff has excellent credit.  Other than this delinquency being reported by Wells Fargo, all her accounts are paid timely.  In February 2012, plaintiff received a denial of credit from Citi to open a Citi credit card.  The denial indicated that the source of the denial was information being reported by Experian.  Plaintiff has contacted Wells Fargo and disputed ownership or that she ever requested, activated, signed, accessed, made purchases on, or in any way used the credit card.

7.

In 2012, plaintiff disputed the false delinquency in writing to Wells Fargo and to each of the three national consumer reporting agencies.  In her dispute she outlined that she never requested, activated, signed, accessed, made purchases on, or in any way used the credit card.  Upon Wells Fargo's receipt of her dispute from the credit reporting agencies, Wells Fargo failed to conduct a reasonable investigation and then falsely verified that the unpaid charges were owed by plaintiff.  Wells Fargo has never reported to Experian that plaintiff disputed owing any money on this credit card.

8.

Plaintiff has attempted numerous times to get Wells Fargo to delete the false information about this credit account.  It refused.  Plaintiff has also disputed to the three national consumer reporting agencies.  After investigating her dispute, they continue to verify and report the false delinquent account as belonging to her.  Accordingly, plaintiff has been left with no alternative but to file this case.

Page  3 – COMPLAINT

FIRST CLAIM FOR RELIEF

Fair Credit Reporting Act

(15 U.S.C. § 1681n)

(Wells Fargo)

9.

Plaintiff realleges paragraphs 1 through 8 as if fully set forth herein.

10.

Plaintiff is a consumer as defined by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681a(c).  The Court has jurisdiction pursuant to 15 U.S.C. § 1681p.

11.

Defendant Wells Fargo is a person who furnishes information to consumer reporting agencies under the FCRA, 15 U.S.C. § 1681s-2.

12.

Wells Fargo investigated the account upon receiving plaintiff's dispute from the credit reporting agencies.  Wells Fargo willfully failed to conduct a reasonable investigation of plaintiff's dispute.  As a result of its investigation, Wells Fargo continued to report false, derogatory information and allowed the dissemination of this false information to third parties. Wells Fargo failed to report the account as disputed by plaintiff to Experian.

13.

As a result of Wells Fargo's violations of the FCRA, plaintiff has suffered damages and continues to suffer damages, including loss of income, denials of credit, worry, fear, emotional distress, frustration, anxiety, invasion of privacy, damage to reputation, embarrassment, humiliation and lost opportunity to obtain credit, all to her present and future damages, in an

amount to be determined by the jury, in addition to any statutory damages to be determined by the Court.

14.

Plaintiff alleges an entitlement to punitive damages in an amount to be determined by the jury.

15.

Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C. § 1681n(a).

SECOND CLAIM FOR RELIEF

(15 U.S.C. § 1681o)

(Wells Fargo)

16.

Plaintiff realleges paragraphs 1 through 8 as if fully set forth herein.

17.

Plaintiff is a consumer as defined by the FCRA, 15 U.S.C. § 1681a(c).  The Court has jurisdiction pursuant to 15 U.S.C. § 1681p.

18.

Defendant Wells Fargo is a person who furnishes information to consumer reporting agencies under the FCRA, 15 U.S.C. § 1681s-2.

19.

Wells Fargo investigated the account upon receiving plaintiff's dispute from the credit reporting agencies.  Wells Fargo negligently failed to conduct a reasonable investigation of plaintiff's dispute.  As a result of its investigation, it continued to report the false, derogatory information and allowed the dissemination of this false information to third parties.  Wells Fargo

failed to report the account as disputed by plaintiff to Experian.

20.

As a result of the conduct alleged above, Wells Fargo negligently failed to comply with the investigation requirements of the FCRA to conduct a reasonable investigation, 15 U.S.C. § 1681s-2(b).  Plaintiff seeks damages pursuant to 15 U.S.C. § 1681o.

21.

As a result of Wells Fargo's violations of the FCRA, plaintiff has suffered damages and continues to suffer damages, including loss of income, denials of credit, worry, fear, emotional distress, frustration, anxiety, invasion of privacy, damage to reputation, embarrassment, humiliation and lost opportunity to obtain credit, all to her present and future damages, in an amount to be determined by the jury.

22.

Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C. § 1681o(a).

THIRD CLAIM FOR RELIEF

(FCRA - 15 U.S.C. § 1681n)

(Trans Union, Equifax and Experian)

23.

Plaintiff realleges paragraphs 1 through 8 as if fully set forth herein.

24.

Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1681a(c).

25.

Defendants Trans Union, Equifax and Experian are "consumer reporting agencies" as that term is used in 15 U.S.C. § 1681a.

Page  6 – COMPLAINT

26.

Defendants willfully failed to comply with the requirements of the FCRA in the following ways:  failing to follow reasonable procedures to assure the maximum possible accuracy of the information in plaintiff's credit reports, as required by 15 U.S.C. § 1681e(b) and failing to conduct a reasonable investigation, as outlined in 15 U.S.C. § 1681i.

27.

As a result of Trans Union, Equifax's and Experian's violations of the FCRA, plaintiff has suffered, continues to suffer and will suffer damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, fear, distress, frustration, embarrassment, and humiliation, all to her damages in an amount to be determined by the jury.

28.

Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C. § 1681n(a).

29.

Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

FOURTH CLAIM FOR RELIEF

(FCRA – 15 U.S.C. § 1681o)

(Trans Union, Equifax and Experian)

30.

Plaintiff realleges paragraphs 1 through 8 as if fully set forth herein.

31.

Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1681a(c).

32.

Defendants Trans Union, Equifax and Experian are "consumer reporting agencies" as that

term is used in 15 U.S.C. § 1681a.

33.

Defendants negligently failed to comply with requirements of the FCRA in the following way:  failing to follow reasonable procedures to assure the maximum possible accuracy of the information in plaintiff's credit reports, as required by 15 U.S.C. § 1681e(b) and failed to conduct a reasonable investigation, as outlined in 15 U.S.C. § 1681i.

34.

As a result of Trans Union's, Equifax's and Experian's violations of the FCRA, plaintiff has suffered, continues to suffer and will suffer damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, fear, distress, frustration, embarrassment, and humiliation, all to her damages in an amount to be determined by the jury.

35.

Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C. § 1681o(a).

<u>PRAYER</u>

Plaintiff demands a jury trial on all claims.  Wherefore, Plaintiff prays for a judgment as follows:

1.    On Plaintiff's First Claim for Relief:

    a.    Damages;

    b.    Punitive damages;

    c.    Reasonable attorney fees and costs.

2.    On Plaintiff's Second Claim for Relief:

    a.    Damages;

    b.    Reasonable attorney fees and costs.

    3.      On Plaintiff's Third Claim for Relief:

        a.      Damages;

        b.      Punitive damages;

        c.      Reasonable attorney fees and costs.

    4.      On Plaintiff's Fourth Claim for Relief:

        a.      Damages;

        b.      Reasonable attorney fees and costs.


DATED this 8th day of August 2012.

                /s/ Michael C. Baxter
                _____
                Michael C. Baxter, OSB # 910203
                michael@baxterlaw.com
                Justin M. Baxter, OSB # 992178
                justin@baxterlaw.com
                Telephone (503) 297-9031
                Facsimile (503) 291-9172
                Attorneys for Plaintiff