**Pilar C. French**, OSB No. 962880
frenchp@lanepowell.com
**Anthony M. Stark**, *Pro Hac Vice*
starka@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2100
Facsimile: 503.778.2200

Attorneys for Defendant Wells Fargo Bank N.A

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **CARLOPI THOMASIAN,** | Case No. 3:12-cv-01435-HU |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| **WELLS FARGO BANK N.A.** a foreign legal entity, **TRANS UNION LLC,** a foreign company, **EXPERIAN INFORMATION SOLUTIONS, INC.,** a foreign corporation, **EQUIFAX INFORMATION SERVICES, LLC,** a foreign corporation, | |
| Defendants. | |

IT IS HEREBY STIPULATED by and between the plaintiff Carlopi Thomasian and the

defendants Wells Fargo Bank, N.A. ("Wells Fargo"), Trans Union LLC ("Trans Union"),

Experian Information Solutions, Inc. ("Experian"), and Equifax Information Service, LLC

("Equifax"), through their attorneys, as follows:

PAGE 1 -   STIPULATED PROTECTIVE ORDER

WHEREAS, documents and information may be produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology, or other proprietary information belonging to the defendants and/or personal income, credit, or other confidential information of the plaintiff.

NOW, THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made on the following terms:

1. This Order shall apply to the use, handling, and disclosure by each party of all documents, testimony, or other information received from any other party or non-party in connection with this action.

2. Any party or non-party producing or filing documents or other materials in this action may designate such materials "confidential." A document, or any portion thereof, may be so designated by typing or stamping on the front of the document, or on any portion of the document to which confidential treatment shall apply, "CONFIDENTIAL." Deposition testimony may be designated "confidential" on the record at the time of the deposition or by written notice to all parties hereto within fifteen (15) days of receipt of the transcript of the deposition by the designating party. All documents, transcripts, or other materials designated "confidential," and all information derived therefrom (including, but not limited to, all testimony that refers to or reflects any information designated "confidential") shall hereinafter be referred to as "Confidential Material."

3. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate Confidential Material, the party filing such papers shall first determine if redaction of the confidential material is a viable option to filing the document under seal. If it is not, the filing party shall designate such materials, or portions

PAGE 2 -   STIPULATED PROTECTIVE ORDER

thereof, "confidential," and shall file them with the clerk under seal; provided, however, that a copy of such filing having the Confidential Material redacted or deleted therefrom be made part of the public record.

4. Confidential Material may be used only for purposes relating to participation in this action and shall not be used, directly or indirectly, for any other purpose whatsoever.

5. Except with the prior written consent of the individual or entity asserting confidential treatment, or pursuant to an Order of this Court, Confidential Material may not be disclosed other than in accordance with this Order and may not be disclosed to any person except: (a) the Court and its officers; (b) counsel for the parties or their employees who are assisting in the preparation or trial of this action; (c) parties to this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses require access to such information; (e) experts specifically retained as consultants or expert witnesses in connection with this litigation; and (f) such persons as hereafter may be designated by stipulation of the parties to this action or by Order of this Court.

6. Confidential Material shall not be disclosed to any person designated in Subparagraphs 5(d)-(f) unless such person has first read this Order, agreed to be bound by its terms, and signed the attached Declaration of Compliance.

7. All persons to whom Confidential Material is disclosed are hereby enjoined from disclosing it to any person except as authorized by this Order, and are enjoined from using Confidential Material except in the preparation for and trial of this action.

8. If Confidential Material is disclosed except as authorized by this Order, the party making such disclosure must immediately upon learning of the disclosure (a) give written notice of such disclosure to the party asserting confidentiality of the disclosed material, (b) use best

PAGE 3 -   STIPULATED PROTECTIVE ORDER

efforts to retrieve all disclosed material, (c) inform the person(s) to whom unauthorized disclosure was made of all the terms of this Order, (d) and use best efforts to prevent further disclosure by any person(s) to whom unauthorized disclosure was made.

9. If any person or entity possessing Confidential Material is subpoenaed or served with a document demand and such subpoena or document demand requests the production of Confidential Material, the person receiving the subpoena or document demand shall give written notice to the party asserting confidentiality of such material within three (3) court days after receiving the subpoena or document demand. Such notification must include a copy of the subpoena or document demand. The person receiving the subpoena or document demand shall not respond for at least three (3) court days after providing notice the party asserting confidentiality.

10. Nothing in this Order shall prevent a party from using at trial, deposition, or arbitration any information or materials designated "confidential."

11. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any material as "confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

12. Within sixty (60) days after the final termination of this litigation, all Confidential Material shall be destroyed or, upon request, returned to the individual or entity having produced or furnished the same, except that counsel may retain pleadings, memoranda, declarations, affidavits, or deposition transcripts or materials which in the good faith judgment of counsel are attorney work product that attach, contain, or refer to Confidential Material, to the extent necessary to preserve a litigation file with respect to this action.

PAGE 4 -   STIPULATED PROTECTIVE ORDER

13. A person producing or otherwise furnishing any information or materials in this action may designate such information or materials "confidential" only if such person has a reasonable and good faith belief that the material contains a trade secret or other confidential research, development, or commercial information, or personal income, financial, or credit information about an individual.

14. A party's failure to designate material "confidential" until after production of such materials, or to designate deposition testimony "confidential" within the time limit contained herein, shall not constitute a waiver of such designation. However, no person may be subject to liability for disclosing Confidential Material under this Order if such Confidential Material (or the Confidential Material from which it was derived) was not designated "confidential" at the time of such disclosure. Any person who discloses information under the circumstances described in the previous sentence must nevertheless, upon learning that such material has subsequently been designated "confidential," make a good faith effort to retrieve and prevent further disclosure of the disclosed Confidential Material.

15. Each party reserves the right to dispute the confidential status of any material in accordance with this Order. If a party believes that any material has been inappropriately designated, that party shall confer with counsel for the designating party and the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, the party objecting to the confidential status of a document may file an appropriate motion before the Court. In response to a motion brought pursuant to this paragraph, the designating party must show good cause to maintain the Protective Order as to the document in dispute. A party who disagrees with a designation must

PAGE 5 -   STIPULATED PROTECTIVE ORDER

nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

16. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to information material obtained or developed independently of the receipt of Confidential Material in this action.

17. The obligations imposed by the Order shall survive the termination of this action.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

PAGE 6 -   STIPULATED PROTECTIVE ORDER

18. This stipulation may be executed simultaneously by electronically transmitted counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

Dated: October 17, 2012          BAXTER & BAXTER, LLP

By _____
Michael C. Baxter, OSB No. 910203
Justin M. Baxter, OSB No. 992178
8835 S.W. Canyon Lane
Suite 130
Portland, OR 97225-3429
Telephone: (503) 297-9031

*Attorneys for Carlopi Thomasian*

Dated: October 17, 2012          MARKOWITZ HERBOLD GLADE & MEHLHAF, PC

By   /s/ Jeffrey M. Edelson
Jeffrey M. Edelson, OSB No. 880407
1211 S.W. Fifth Avenue
Suite 3000
Portland, OR 97204
Telephone: (503) 295-3085

*Attorneys for Equifax Information Services, LLC*

Dated: October 17, 2012          SCHUCKIT & ASSOCIATES, P.C.

By   /s/ Sandra L. Davis
Sandra L. Davis, *Pro Hac Vice*
4545 Northwestern Drive
Zionsville, IN 46077

MOTSCHENBACHER & BLATTNER, LLP
Nicholas J. Henderson, OSB No. 074027
117 SW Taylor St., Suite 200
Portland, OR 97204
Telephone: (503) 417-0508

*Attorneys for Trans Union, LLC*

PAGE 7 -   STIPULATED PROTECTIVE ORDER

Dated:  October 17, 2012				JONES DAY


						By  /s/ Angela M. Taylor
						Angela M. Taylor, *Pro Hac Vice*
						3161 Michelson Drive
						Suite 800
						Irvine, CA 92612

						STOEL RIVES LLP
						Reilley D. Keating, OSB No. 073762
						900 SW 5th Avenue
						Suite 2600
						Portland, OR 97204
						Telephone: (503) 294-9823

						*Attorneys for Experian Information Solutions, Inc.*


Dated:  October 17, 2012				LANE POWELL PC


						By _____
						Pilar C. French, OSB No. 962880
						Anthony M. Stark, *Pro Hac Vice*
						601 SW Second Avenue
						Suite 2100
						Portland, OR 97204-3158
						Telephone: 503.778.2100

						*Attorneys for Defendant Wells Fargo Bank, NA*


**IT IS SO ORDERED**:

            10/18/12				/s/ Dennis J. Hubel
DATED:  _____		_____
						THE HONORABLE DENNIS J. HUBEL


PAGE 8 -   STIPULATED PROTECTIVE ORDER

**EXHIBIT A**
**DECLARATION OF COMPLIANCE**

I, _____, declare as follows:

    1.    My address is _____.

    2.    My present employer is _____.

    3.    My present occupation or job description is _____.

    4.    I have received a copy of the Stipulated Protective Order entered in on _____, 2012.

    5.    I have read and I understand the provisions of the Stipulated Protective Order.

    6.    I will comply with all provisions of the Stipulated Protective Order.

    7.    I will not disclose to anyone any Confidential Material, as defined in the Stipulated Protective Order, except as authorized by the Stipulated Protective Order.

    8.    I will use Confidential Material only for purposes of the present action.

    9.    Upon termination of this action, or upon request, I will destroy all Confidential Material that I have received or that is in my possession, or return such material to my counsel in this action, or to counsel for the party by whom I am employed or retained, or to counsel for the party or non-party from whom I received the material.

    10.    I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this action.

I declare under penalty of perjury that the following is true and correct.

Executed this \_\_\_\_ day of _____, 2009 at _____.

                                                       By _____

PAGE 9 -   STIPULATED PROTECTIVE ORDER