# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CARLOPI THOMASIAN**, | Case No. 03:12-cv-01435-HU |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **WELLS FARGO BANK, N.A.;**<br>**TRANS UNION, LLC; EXPERIAN**<br>**INFORMATION SOLUTIONS, INC.;**<br>**and EQUIFAX INFORMATION**<br>**SERVICES, LLC;** | |
| Defendants. | |

Michael C. Baxter and Justin M. Baxter, BAXTER & BAXTER LLP, 8835 S.W. Canyon Lane, Suite 130, Portland, OR 97225. Of Attorneys for Plaintiff.

Robert E. Maloney, Jr., Pilar C. French, and Anthony M. Stark, LANE POWELL PC, 601 S.W. Second Avenue, Suite 2100, Portland, OR 97204-3158. Of Attorneys for Defendant Wells Fargo Bank N.A.

**Michael H. Simon, District Judge.**

United States Magistrate Judge Dennis Hubel issued Findings and Recommendation in this case on March 25, 2014. Dkt. 98. Judge Hubel recommended that Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion for summary judgment, Dkt. 66, Wells Fargo's motion to strike, Dkt. 86 at 1, and Plaintiff's motion to strike, Dkt. 78 at 3, be DENIED.

PAGE 1 – OPINION AND ORDER

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate's findings and recommendation to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report[.]"); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (the court must review de novo magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

Wells Fargo timely filed objections to Judge Hubel's Findings and Recommendations, Dkt. 102, to which Plaintiff responded, Dkt. 105. Wells Fargo objects to the portion of Judge Hubel's Findings and Recommendation determining that genuine issues of material fact exist regarding (1) whether Wells Fargo's investigation of Plaintiff's dispute was reasonable, (2) whether Wells Fargo's records are factually accurate, and (3) whether Wells Fargo's actions were willful. Wells Fargo also objects to Judge Hubel's finding that Wells Fargo's laches and equitable estoppel defenses are insufficient. Plaintiff argues in response that (1) Wells Fargo's

PAGE 2 – OPINION AND ORDER

investigation was unreasonable because it failed to go beyond matching Plaintiff's identifying information and relied on what Plaintiff contends was a fabricated explanation for the absence of a signed application, (2) Wells Fargo's records are factually inaccurate because they indicate that the account in question is a joint account and Plaintiff contends she never applied for the account, and (3) willfulness is a question for the jury and Wells Fargo failed to conduct a "meaningful" investigation. Plaintiff also argues that equitable defenses are not applicable in the context of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and that Judge Hubel correctly found that Plaintiff brought her claims within a reasonable time after the violations of the FCRA for which she sues.

The Court has reviewed *de novo* Judge Hubel's Findings and Recommendations as well as Wells Fargo's objections, Plaintiff's response, and the underlying briefing in the case. The Court agrees with Judge Hubel's reasoning and ADOPTS Judge Hubel's Findings and Recommendation.

The Court provides further discussion of one of Wells Fargo's objections as follows. Wells Fargo objects in part to Judge Hubel's findings as to Plaintiff's claim for a willful violation of the FCRA on the ground that Judge Hubel misstated the facts of the case. Judge Hubel stated: "Reasonable jurors could disagree as to whether Wells Fargo acted in reckless disregard of Ms. Thomasian's rights in, among other things, failing to report to the CRAs that liability for the Account could not be confirmed once Wells Fargo learned the Account application was no longer available." Dkt. 98 at 38. Wells Fargo argues that the record before the Court indicates that Wells Fargo was not aware that the account had been opened by a paper application until after the start of this litigation. Judge Hubel, however, referred only to the "Account application [being] no longer available." *Id.* The evidence in the record indicates that

Wells Fargo was aware at least as early as September 15, 2011 that it could not access the original application but chose to interpret that to mean that the account had been opened electronically. Dkt. 69-1 at 9. Like Judge Hubel, the Court finds that this fact "among other things" creates a dispute in the record as to whether Wells Fargo knew that it could not confirm Plaintiff's liability for the account and whether Wells Fargo acted with reckless disregard.

For those portions of Judge Hubel's findings and recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record.  No such error is apparent.

## CONCLUSION

The Court hereby ADOPTS Judge Hubel's Findings and Recommendations, Dkt. 98. Wells Fargo's motion for summary judgment, Dkt. 66, Wells Fargo's motion to strike, Dkt. 86 at 1, and Plaintiff's motion to strike, Dkt. 78 at 3, are DENIED.

**IT IS SO ORDERED**.

DATED this 1st day of August, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 4 – OPINION AND ORDER